Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for
WILLIAM H. SHREVE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM H. SHREVE,<br><br>Movant,<br><br>v.<br><br>GUEST TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>Respondent. | Case No. 8:20-mc-00020<br><br>[Action pending in U.S. District Court for the District of Delaware, Case No. 1:18-cv-01394-RGA]<br><br>**OPENING BRIEF IN SUPPORT OF WILLIAM H. SHREVE'S MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER** |

## I. INTRODUCTION

This is a motion to quash a defective subpoena through which a litigant seeks to depose opposing counsel. The moving party is William Shreve, a partner at the law firm Knobbe, Martens, Olson & Bear LLP. Knobbe Martens, and Mr. Shreve in particular, have represented Nomadix, Inc., for more than 15 years. During the course of those 15 years, Mr. Shreve and his partners at Knobbe Martens have advised Nomadix in connection with multiple litigations, including a patent-infringement lawsuit brought by Guest Tek Interactive Entertainment Ltd. in the District of Delaware, case no. 1:18-cv-01394. For that Delaware case, without contacting Mr. Shreve or Nomadix's other attorneys in advance, Guest Tek's attorneys issued a subpoena for Mr. Shreve's deposition and had a process server deliver the subpoena to Mr. Shreve's residence on the afternoon of September 4, commanding Mr. Shreve to appear for a deposition the morning of September 14, which due to Labor Day was just four and a half business days later.

Service of the subpoena was ineffective because Guest Tek failed to tender the required fees when attempting to serve Mr. Shreve. Moreover, Mr. Shreve is Nomadix's outside attorney and advises Nomadix regarding its defense of the Delaware case against Guest Tek. Guest Tek has other means to obtain any information it seeks from Mr. Shreve that is relevant, nonprivileged, and crucial to the Delaware case. Guest Tek cannot persuasively argue otherwise, as it has taken no depositions in the Delaware case and seeks to start with Nomadix's attorney, Mr. Shreve. Thus, the subpoena is an improper attempt for Guest Tek to depose its opposing counsel in the Delaware case. The Court should quash the subpoena and issue a protective order forbidding Guest Tek from deposing Mr. Shreve.

This Court has jurisdiction over this motion, as the subpoena was delivered to Mr. Shreve at his home in San Juan Capistrano and, to the extent it identifies a place for compliance, appears to demand compliance in this District. (*See* Ex. 1 (subpoena); Fed. R. Civ. P. 26(c)(1) and 45(d)(3).)

## II. BACKGROUND

The Delaware case for which the subpoena issued is one of the more recent in a series of disputes between Guest Tek and Nomadix that spans more than a decade. In 2009, Nomadix filed suit in this district against Guest Tek and additional defendants for infringement of several Nomadix patents. *Nomadix, Inc. v. Hewlett-Packard Company et al.*, Case No. CV09-08441 DDP (VBKx). Guest Tek and Nomadix eventually settled their claims and entered into a license agreement ("License Agreement"). (Shreve Decl. ¶ 3.) From 2011 through 2016, those parties attempted to resolve disputes regarding Guest Tek's performance under the License Agreement, including conducting a 2014 mediation. (*Id.*) In 2016, Nomadix sued Guest Tek in this district to recover millions of dollars in unpaid royalties Guest Tek owes under the License Agreement. *Nomadix, Inc. v. Guest-Tek Interactive Entertainment Ltd.*, No. 2:16-cv-8033-AB-FFM (C.D. Cal. Oct. 28, 2016). In 2017 and 2018, Guest Tek responded by filing the Delaware case and a case in Canada, alleging in both cases that Nomadix infringes Guest Tek's patents. *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, No. 1:18-cv-1394, Dkt. No. 1 (D. Del. Sep. 7, 2018); *Guest-Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, No. T-448-17 (Canada Federal Court Mar. 24, 2017).

Mr. Shreve began working with Nomadix in 2004 and has been involved with case strategy for and management of Nomadix's disputes with Guest Tek over the past decade. (Shreve Decl. ¶ 4.) This includes providing privileged advice to Nomadix regarding its negotiations with Guest Tek that resulted in the License Agreement, providing privileged advice to Nomadix regarding strategy for the Delaware case, and interacting nearly every business day with Nomadix's in-house counsel or its litigation teams. (*Id.*)

The subpoena seeking Mr. Shreve's testimony in the Delaware case issued on September 4, 2020. (Ex. 1.) That same day, Guest Tek attempted to serve the

subpoena on Mr. Shreve at his home. (Shreve Decl. ¶ 5.) However, Guest Tek failed to tender any fees when it attempted that service. (*Id.*; *see* Ex. 1 at 3 (noting no fees tendered).)

In correspondence leading to this motion, Guest Tek identified that the subpoena seeks information related to "damages, the 2012 [*sic*][1] license agreement between the parties, and any defenses that Nomadix intends to rely on related to that agreement" in connection with the Delaware case. (Ex. 2 at 4, 6 (September 10 email from J. Lesovitz, September 9 email from C. Carson).)

At the time Guest Tek attempted to serve the subpoena for Mr. Shreve's deposition, it had not noticed any deposition in the Delaware case. (Gillett Decl. ¶ 2.) To date in that case, Guest Tek has noticed only one deposition and has taken none. (*Id.*) In an effort to avoid filing this motion, counsel for Mr. Shreve proposed that Guest Tek withdraw the subpoena and reconsider its position after conducting other available discovery. (Ex. 2 at 4-5 (September 10 email from J. Gillett).) Guest Tek refused. (*Id.* at 4 (September 10 email from J. Lesovitz).) Thus, Mr. Shreve was forced to file this motion.

### III. THE COURT SHOULD QUASH THE SUBPOENA FOR FAILURE TO COMPLY WITH RULE 45

The subpoena should be quashed because Guest Tek failed to tender the required fees when attempting to serve Mr. Shreve. "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance." Fed. R. Civ. P. 45(b)(1). This "requires simultaneous tendering of witness fees [and any mileage] with service of a subpoena." *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983); *accord Forbes v. Villa*, No. SACV111330JGBANX, 2013 WL

---

[1] The License Agreement between Nomadix and Guest Tek is dated 2010.

- 3 -

1  12164779, at *5 (C.D. Cal. Dec. 3, 2013), *aff'd sub nom. Forbes v. Cty. of Orange*, 633 F. App'x 417 (9th Cir. 2016).

Here, Guest Tek failed to tender the required fees when it attempted service of the subpoena. (Shreve Decl. ¶ 5; *see* Ex. 1 at 5 (noting no fees tendered).) Under controlling Ninth Circuit precedent, the subpoena is therefore invalid. *CF & I Steel Corp.*, 713 F.2d at 496; *accord Olagues v. Schmidt*, 897 F.2d 533 (9th Cir. 1990) (holding that "subpoenas were invalid on their faces, because they stated that no fees were tendered with service of the subpoenas"); *City of Pomona v. Cont'l Ins. Co.*, No. CV077703ODWPLAX, 2008 WL 11343060, at *1 (C.D. Cal. Dec. 17, 2008) (quashing a subpoena for deposition and production of documents "because the fees for attendance and mileage were not tendered upon service."); *Inland Empire Foods, Inc. v. Zateca Foods, LLC*, No. EDCV 00-00203-RT(EX), 2010 WL 11519370, at *2 (C.D. Cal. Apr. 27, 2010) (invalidating subpoenas because "service did not include a concurrent tender of witness fees or mileage allowances at the time the subpoenas were served").

Additionally, the subpoena demanded compliance within four and half business days and, under the circumstances, did not give Mr. Shreve reasonable time to comply.

## IV. THE COURT SHOULD QUASH THE SUBPOENA AND ISSUE A PROTECTIVE ORDER BECAUSE GUEST TEK CANNOT MEET ITS BURDEN TO DEPOSE ITS OPPOSING COUNSEL

Independent of the defects in Guest Tek's attempt to serve the subpoena, the Court should quash the subpoena and issue a protective order prohibiting Guest Tek from deposing Mr. Shreve because Guest Tek cannot meet its burden to establish that it is necessary and proper to depose its opposing counsel in the Delaware case. "[D]epositions of opposing counsel in a pending case are disfavored." *E.g.*, *Soukhaphonh v. Hot Topic, Inc.*, No. CV16-5124, 2017 WL 10378493, at *5 (C.D. Cal. Sept. 14, 2017); *Moroccanoil, Inc. v. Marc Anthony*

- 4 -

*Cosmetics, Inc.*, No. CV13-2747, 2014 WL 12591805, at *2 (C.D. Cal. May 29, 2014). Unless counsel's testimony is crucial and unique, such a deposition "prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986). Thus, the practice of taking opposing counsel's deposition "should be employed only in limited circumstances." *Id.* at 1327.

"Courts generally hold that the party seeking to depose another party's attorney bears the burden of establishing the propriety and need for the deposition." *Littlefield v. Nutribullet, LLC*, No. CV16-6894 MWF (SSx), 2017 WL 10438897, at *3 (C.D. Cal. Nov. 7, 2017) (internal quotations omitted); *see also Harlan v. Liberty Mut. Ins. Co.*, No. SACV080792DOCCTX, 2009 WL 10671935, at *8 (C.D. Cal. June 9, 2009); *Shelton*, 805 F.2d at 1327.

The Eighth Circuit's decision in *Shelton*, *supra*, is the seminal case that sets the standard for a party seeking to depose the opposing party's counsel. *Monster Energy Co. v. Vital Pharm., Inc.*, No. 518CV01882JGBSHKX, 2020 WL 2405295, at *7 (C.D. Cal. Mar. 10, 2020); *accord La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, No. SACV07250DOCANX, 2008 WL 11411715, at *6 (C.D. Cal. Feb. 28, 2008) (*Shelton* "has been referred to as the leading case on attorney depositions") (internal quotations omitted). Some courts in this District have applied *Shelton*'s framework to analyze requests to depose an opposing party's attorney, while others have applied an approach adopted by the Second Circuit. *Monster Energy*, 2020 WL 2405295, at *7 (citing cases). The two standards "are practically identical" and both approaches create a presumption against deposing the opposing party's counsel. *Id.* at *8, *11 (internal quotations omitted). Since the two standards are practically identical, this brief addresses the leading case, *Shelton*.

*1* Under the *Shelton* test, the party seeking to depose opposing counsel has the
*2* burden to establish that: "(1) no other means exist to obtain the information than to
*3* depose opposing counsel; (2) the information sought is relevant and nonprivileged;
*4* and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d
*5* at 1327 (internal citation omitted). The *Shelton* test is not limited to depositions of
*6* counsel of record, but extends to non-trial counsel who have previously provided
*7* legal advice to the opposing party. *See Newkirk v. ConAgra Foods, Inc.*, No.
*8* 8:10CV22LSCFG3, 2010 WL 2135263, at *6 (D. Neb. May 27, 2010) (granting
*9* motion to quash and for protective order where plaintiff sought to depose
*10* defendant's non-trial counsel who had provided defendant with legal advice).

*11* In this case, the *Shelton* test applies to determine whether the subpoena for
*12* deposition of Mr. Shreve is appropriate. Mr. Shreve has worked with Nomadix
*13* since 2004 and has advised Nomadix regarding its disputes with Guest Tek for
*14* over a decade. (Shreve Decl. ¶ 4.) This includes providing privileged advice to
*15* Nomadix regarding its strategy for the Delaware case and regarding its
*16* negotiations with Guest Tek that resulted in the License Agreement that is a
*17* subject of Guest Tek's subpoena. (*Id.*) *See Newkirk*, 2010 WL 2135263, at *6
*18* (finding the *Shelton* test applied to quash subpoenas for deposition of defendant's
*19* counsel who were not trial attorneys in the subject litigation but "provided legal
*20* advice to [defendant] for many years").

*21* The subpoena for Mr. Shreve's deposition fails the *Shelton* test. Guest Tek
*22* claims it needs to depose Nomadix's attorney Mr. Shreve to learn information
*23* regarding damages, the License Agreement, and any defenses that Nomadix
*24* intends to rely on related to the License Agreement. (Ex. 2 at 4, 6 (September 10
*25* email from J. Lesovitz, September 9 email from C. Carson).) Other means exist to
*26* obtain any such information that is relevant, nonprivileged, and crucial to the
*27* Delaware case. *See Shelton*, 805 F.2d at 1327. The damages-related information
*28* Guest Tek seeks is commonly obtained during litigation without resort to deposing

counsel, including through interrogatories, requests for production, and expert discovery. To the extent Mr. Shreve has unique information not in Guest Tek's possession regarding the License Agreement or Nomadix's defenses related to that agreement, he learned such information through privileged attorney–client communications with Nomadix while advising Nomadix about the agreement or the Delaware case or such information reflects the mental impressions of Mr. Shreve and other Knobbe Martens attorneys in developing Nomadix's positions in litigation; that information is thus privileged.

Guest Tek cannot establish the absence of other means to obtain the information it seeks from Mr. Shreve because Guest Tek has refused to first explore other depositions. Guest Tek attempted to serve the subpoena on Mr. Shreve before noticing any deposition in the Delaware case and, to date, Guest Tek has noticed only one deposition and has not taken any. (Gillett Decl. ¶ 2.) Guest Tek even refused to conduct other discovery and then reconsider whether it believed Mr. Shreve's deposition would be necessary. (Ex. 2 at 4-5 (September 10 emails from J. Gillett and J. Lesovitz).)

## V. CONCLUSION

For the foregoing reasons, Mr. Shreve respectfully requests the Court quash the subpoena issued by Guest Tek for Mr. Shreve testify at a deposition in the Delaware case, and to issue a protective order prohibiting such a deposition.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: September 11, 2020 | /s/ *Justin J. Gillett* |
|   | Douglas G. Muehlhauser<br>Mark Lezama<br>Justin J. Gillett |
|   | Attorneys for<br>WILLIAM H. SHREVE |

33484236