Kevin M. Bovard, SBN 247521
*Email: kbovard@bakerlaw.com*
Jeffrey W. Lesovitz (*Pro Hac Vice* Application Forthcoming)
*Email: jlesovitz@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant*
GUEST TEK INTERACTIVE ENTERTAINMENT LTD.

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM H. SHREVE, <br><br> Movant, <br><br> v. <br><br> GUEST TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Respondent. | Case No.: 8:20-mc-00020-JVS-ADS <br><br> *Honorable Autumn D. Spaeth* <br><br> **GUEST TEK'S MEMORANDUM IN OPPOSITION TO MOTION OF WILLIAM H. SHREVE TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER** <br><br> **Hearing:** <br><br> October 14, 2020 |

## I. INTRODUCTION

Guest Tek Interactive Entertainment Ltd. ("Guest-Tek") and Nomadix, Inc. ("Nomadix") have been engaged in protracted patent litigation since 2016. There are presently two active U.S. litigations. In the first, Nomadix asserts breach of a 2010 patent license agreement against Guest-Tek in the Central District of California. *Nomadix, Inc. v. Guest-Tek Interactive Entertainment Ltd.*, No. 2:16-cv-08033-AB-FFMx (C.D. Cal.) (the "California Case"). In the second, Guest-Tek accuses Nomadix of direct and indirect infringement of a number of Guest-Tek patents in the District of Delaware. *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.,* No. 1:18-cv-01394-RGA (D. Del.) (the "Delaware Case"). William Shreve's testimony is critical (in both cases) because, among other things, he uniquely can testify on the intended meaning of disputed provisions in the 2010 agreement. That is because he negotiated with Guest-Tek counsel at arms' length to reach that agreement. Tellingly, Nomadix has placed Mr. Shreve on its trial witness list in the California Case, and it will call him to testify on the negotiation of the 2010 agreement. Yet without any justification, Nomadix seeks to shield Mr. Shreve from even a deposition in the Delaware Case. The Court should not give merit to this double standard and should deny Mr. Shreve's motion.

## II. BACKGROUND

William Shreve has been Nomadix's licensing counsel for many years, and it is for precisely this reason that his deposition testimony is relevant. In particular, Mr. Shreve negotiated and drafted the 2010 License Agreement at issue in both the California and Delaware Cases. In both Cases, the parties dispute the interpretation of various provisions of the 2010 License Agreement. In the California Case, Nomadix has identified Mr. Shreve in its pre-trial witness list, noting that it will call Mr. Shreve to testify on the negotiation and terms of the 2010 License Agreement. Lesovitz Decl., Ex. A (Nomadix's Witness List) at 4. Nomadix also represented to

the Court that Mr. Shreve's testimony is "[u]nique in that he is ***the only witness on these topics***." *Id.* (emphasis added). Notably, Mr. Shreve does not serve as litigation counsel to Nomadix. He has not entered an appearance in either the Delaware or California Cases.

In the Delaware Case, similarly, Nomadix intends to rely on the same 2010 License Agreement. Ex. B (Nomadix's Answer) at 9. For example, Nomadix intends to rely on a covenant not to sue, which is only effective for so long as Nomadix is in "compliance with its obligations under this Agreement." *Id.;* Ex. C at § 3.3. Since the parties dispute the meaning and applicability of the 2010 License Agreement, including the covenant not to sue and other provisions, Mr. Shreve's testimony on the negotiation of this contract is just as important as his testimony on the 2010 License Agreement in the California Case, where he will be a trial witness.

Mr. Shreve also has unique knowledge relating to Guest-Tek's damages, which is another, separate reason that Guest Tek seeks his deposition testimony. In patent infringement cases, including the Delaware Case, damages are often based on a "reasonable royalty" determination. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003). Part of that determination analyzes what would have happened in a "hypothetical negotiation" between the parties. *Id.* As Nomadix's licensing counsel, Mr. Shreve is familiar with Nomadix's licensing policies, and his testimony will therefore be particularly relevant to the so-called hypothetical negotiation analysis. *See, e.g.*, *id. Biax Corp. v. Nvidia Corp.*, 271 F.R.D. 200, 215 (D. Colo. 2010) (ordering discovery of accused infringer's "patent licensing policies" as relevant to reasonable royalty analysis); *Novozymes A/S v. Genencor Int'l, Inc.*, 474 F. Supp. 2d 592, 605 (D. Del. 2007) (explaining relevance of, for example, "[t]he rates paid by the licensee for the use of other patents . . ." and "amount that a licensor (such as the patentee) and a licensee (such as the

infringer) would have agreed upon . . . if both had been reasonably and voluntarily trying to reach an agreement").

Another important part of the reasonable royalty determination is the analysis of "comparable" patent licenses. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317–18 (Fed. Cir. 2011) ("[F]actors 1 and 2—looking at royalties paid or received in licenses for . . . comparable licenses—. . . remain valid and important factors in the determination of a reasonable royalty rate"). Here, Mr. Shreve negotiated various patent licenses that Nomadix entered into with third parties on technologies similar and overlapping with the Guest-Tek patents asserted in the Delaware Case. During discovery, Nomadix produced approximately ten of those licenses, which specifically name Mr. Shreve as Nomadix's contact for the licenses. Those licenses may be comparable licenses used to determine a reasonable royalty in the Delaware Case. Mr. Shreve's unique knowledge of the drafting, negotiating, and circumstances of those licenses is therefore relevant to damages in the Delaware Case, which is another reason Guest Tek is entitled to his deposition. *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1335 (Fed. Cir. 2015) (noting relevance of negotiations and circumstances related to comparable licenses, including "similarities and differences between those negotiations and the hypothetical negotiation in this case").

Guest-Tek served a subpoena on Mr. Shreve on September 4, 2020. Nomadix's complaint that the subpoena was "ineffective" is based on an inadvertent failure to tender to Mr. Shreve his $40 witness fee. Setting aside the triviality of using that oversight to bring a motion to quash, the witness-fee issue has been mooted. Guest-Tek has since re-served the subpoena and tendered the appropriate $40 witness fee to Mr. Shreve. Lesovitz Decl. ¶¶ 5-7, Ex. D. The Court should therefore address the substantive issue at hand: whether Mr. Shreve's testimony should be permitted in one case between the parties, but not the other.

### III. ARGUMENT

#### A. Mr. Shreve is a fact witness with unique and necessary testimony, as Nomadix has conceded in the California Case.

Nomadix's legal argument rests on a false premise, namely that Mr. Shreve is "opposing counsel" in the present litigations. Nomadix cites numerous cases noting that depositions of opposing counsel are disfavored. But here, Mr. Shreve does not serve as "opposing counsel." He is not litigation counsel to Nomadix, and he has not made an appearance in either the California or Delaware Cases, even though they have been ongoing since 2016 and 2018, respectively. Instead, Mr. Shreve represents Nomadix in its patent procurement and patent licensing strategies. Lesovitz Decl., Ex. A at 4. Attorneys acting in such roles are routinely deposed in contractual and patent disputes, because they are often fact witnesses to contract formation, inventorship, and patent drafting. Nomadix's own cases make clear that where an attorney is a fact witness, discovery is permissible. "[T]he federal rules explicitly contemplate that discovery of attorney material is permissible in certain circumstances." *Monster Energy Co. v. Vital Pharm., Inc.*, No. 5:18-cv-01882-JGB-SHKx, 2020 WL 2405295, at *6 (C.D. Cal. Mar. 10, 2020) (citing Fed. R. Civ. P. 26(b)(3); Fed. R. Civ. P. 30). "Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party to represent them in litigation." *Id.*

The legal framework Nomadix presents the Court is based on an Eighth Circuit decision, *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986). The standard in *Shelton,* though, has never been adopted by the Ninth Circuit, and other district courts in California have alternatively applied the Second Circuit's reasoning (by then-Circuit Judge Sotomayor) in *In re Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003). *See Sec'y of Labor v. Nuzon Corp.*, No. 8:16-

CV-00363-CJC-KESx, 2018 WL 3655396, at *2 (C.D. Cal. July 30, 2018) ("Consideration of the *Friedman* factors is more consistent than the *Shelton* approach with the spirit of Rules 1 and 26 of the Federal Rules of Civil Procedure." *Friedman* held that "the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstance." 350 F.3d at 71-72. This includes factors such as "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted . . . . Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered." *Id.*

*Shelton* is particularly inapplicable here because it only placed limits on when an *opposing counsel* may be deposed. As courts in this District have recognized, "the Eighth Circuit clarified that the *Shelton* rule for attorney depositions applies *only* when trial or litigation counsel in a pending action is to be deposed, and the deposition could potentially lead to the disclosure of the attorney's litigation strategy in that pending case." *Dowie v. Fleishman-Hillard Inc.*, No. CV-053122-MMM-MANx, 2006 WL 8434394, at *2 (C.D. Cal. Jan. 27, 2006) (citing *Pamida, Inc. v. E.S. Originals*, 281 F.3d 726, 730 (8th Cir. 2002)). The *Dowie* court further noted that "the 'heightened protection' afforded by the three-part *Shelton* test is inapplicable 'to attorneys who represented a client in a completed [matter] and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial.'" *Id.* That is the situation here, and therefore, the "*Shelton* test is inapplicable." *Id.*

Nomadix cites a District of Nebraska case for the premise that *Shelton* is not limited to counsel-of-record. But that case, limited as it is, is inapposite because the attorneys being sought for deposition in that case provided legal advice to the defendant on matters at issue in the litigation. Additionally, in that case, "[t]he persons most knowledgeable on these documents and issues were already made available for deposition, … [defendant] ha[d] already provided the plaintiffs with relevant, nonprivileged information covering the proposed deposition topics…, and the information sought is not crucial to the preparation of [plaintiffs'] case." *Newkirk v. ConAgra Foods, Inc.*, No. 8:10CV22LSCFG3, 2010 WL 2135263, at *6 (D. Neb. May 27, 2010). Here, in contrast, Nomadix has already taken the position in the California Case that Mr. Shreve is "[u]nique in that he is ***the only witness on these topics***," namely, the negotiation of the settlement and license agreement." Lesovitz Decl., Ex. A at 4. It would be fundamentally unfair for Nomadix to use Mr. Shreve's testimony in the California Case regarding the License Agreement, but *preclude* Guest-Tek from using his testimony in the Delaware Case on the same agreement.

Where courts sustain protective orders or motions to quash relating to attorney testimony, it is frequently where attorney-client privileged information is sought or likely to be divulged, especially in the context of ongoing litigation strategy. *Shelton*, 805 F.2d at 1328 ("the record demonstrate[d] that the information sought is privileged"); *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) ("[T]he Shelton test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy."). That is not a concern here, because Mr. Shreve is not litigation counsel, and is instead a fact witness. His testimony relates to two primary areas specifically at issue in the Delaware Case: (1) the arms' length

negotiation of the 2010 License Agreement, and (2) reasonable royalties and damages.

As noted, Nomadix contends that Mr. Shreve is "unique in that he is the only witness" on the topic of the 2010 License Agreement. Lesovitz Decl., Ex. A at 4. This is because he was the principal negotiator of that Agreement. In the Delaware Case, Nomadix intends to rely on a covenant not to sue, for example, which is only effective for so long as Nomadix is in "compliance with its obligations under this Agreement." Ex. C at § 3.3. In its Answer, Nomadix pleaded as an affirmative defense that Guest-Tek's "claims are barred by a covenant not to sue" in the 2010 License Agreement. Ex. B at Fourth Affirmative Defense. Nomadix has even sought discovery from Guest Tek in the Delaware Case on the 2010 License Agreement. Ex. G, Request Nos. 89, 90; Ex. H, Interrogatory No. 17. Since the parties dispute the meaning and applicability of the covenant not to sue and other provisions of the 2010 License Agreement, Mr. Shreve's testimony on the negotiation of the Agreement is just as important as his testimony in the California Case, where he will be a trial witness. Likewise, he is believed to have developed Nomadix's licensing strategy and policies with third parties, and Nomadix's third-party licenses may be comparable licenses relevant to establishing a reasonable royalty rate in the Delaware Case.

Even applying the heightened *Shelton* rule, Mr. Shreve's testimony would still be appropriate in the Delaware Case, especially given the positions Nomadix has already conceded as to his unique knowledge. First, "no other means exist to obtain the information" than to depose Mr. Shreve. *Shelton*, 805 F.2d at 1327. Nomadix is offering Mr. Shreve as the sole trial witness in the California Case on the negotiation of the 2010 License Agreement, noting that his testimony is "[u]nique in that he is ***the only witness on these topics***." Lesovitz Decl., Ex. A at 4. If he is the principal witness on this topic in the California Case, it follows that

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

he should be the principal witness on this topic in the Delaware Case. Second, "the information sought is relevant and nonprivileged." *Shelton*, 805 F.2d at 1327. Guest-Tek seeks information relating to arms' length negotiations between the parties, as well as reasonable royalties in the relevant technology space. Guest-Tek does not desire or seek privileged information. Third, Mr. Shreve's testimony is crucial to Nomadix's case. Lesovitz Decl., Ex. B at 9. The parties have a fundamental disagreement over the intended meaning of the covenant not to sue, which Nomadix relies on as a defense, and other provisions of the 2010 License Agreement. *Id.* Mr. Shreve's testimony is uniquely relevant because he negotiated the License Agreement.[1]

**B.  Mr. Shreve's witness fee has been tendered and does not serve as a basis for quashing the motion.**

Nomadix points out that when the subpoena of Mr. Shreve was first served, a $40 witness fee was inadvertently not tendered. When Guest-Tek realized this, it re-served the deposition subpoena (of which Nomadix's counsel agreed to accept service) and asked how Mr. Shreve would like to receive the witness fee. Lesovitz Decl. ¶ 6, Ex. D (amended subpoena), E (emails between counsel for Nomadix and Guest Tek regarding amended subpoena). Hearing no response on the same date, Guest-Tek delivered the witness fee to Mr. Shreve's home. Lesovitz Decl. ¶ 7, Ex. F (cover letter for attendance fees).

Because the initial subpoena was re-served, Nomadix's entire motion is technically mooted. Nevertheless, the re-served subpoena seeks identical testimony,

---

[1] Mr. Shreve's motion appears to be another attempt by Nomadix to "hide the ball." *E.g.*, *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, No. 1:18-cv-01394-RGA (D. Del.), Dkt. No. 129 (noting as to other discovery issues, "Nomadix appeared to be playing hide the ball," and granting Guest Tek relief). It also involves specific procedural and substantive issues that are presently before the District of Delaware in the Delaware Case. Therefore, to the extent the Court wishes to transfer the present motion under Fed. R. Civ. P. 45(f) to the District of Delaware, which may be more familiar with the relevant issues, Guest Tek would not be opposed.

and for efficiency, the Court should address the merits of whether the re-served subpoena is proper. Courts regularly address the merits on a motion to quash, even where there may have been questions about proper service. *Oliver v. In-N-Out Burgers*, No. 12-CV-0767-H (DHB), 2013 WL 12415761, at *3 (S.D. Cal. Feb. 7, 2013) ("Although the Court concludes that Plaintiff lacks standing to move to quash and that the subpoenas served on Ms. Oliver and Mr. Hubbard are void and unenforceable, the Court will nevertheless address Plaintiff's additional arguments as a matter of judicial efficiency rather than await renewed arguments from Plaintiff or the non-party witnesses following issuance of the revised subpoenas."); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. C04 04632 SI, 2006 WL 2734284, at *1 (N.D. Cal. Sept. 25, 2006) ("In anticipation of the Spencer Parties' properly executed re-service of the subpoenas, however, the Court addresses here each of the City's additional arguments in support of its motion to quash."). The Court should likewise address the merits of the Shreve subpoena, without regard to the now-tendered $40 witness fee.

### C. CONCLUSION

For these reasons, Nomadix should not be allowed to shield Mr. Shreve from discovery in the Delaware Case while relying on his testimony in the California Case. Mr. Shreve is not litigation counsel for Nomadix, and his testimony is uniquely relevant to key issues in the Delaware Case. The Court should therefore deny Mr. Shreve's motion to quash and for a protective order.

Dated: September 23, 2020

BAKER & HOSTETLER LLP

By: */s/ Kevin M. Bovard*
    Kevin M. Bovard

Attorneys for Respondent
GUEST TEK INTERACTIVE ENTERTAINMENT LTD.